# IN THE CIRCUIT COURT FOR CLAIBORNE COUNTY, TENNESSEE

| | |
|---|---|
| PAMELA JEAN SMITH and | )<br>) |
| JOHNNIE SMITH | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 1213 |
| | ) |
| WAL-MART STORES EAST, L.P. | ) |
| | ) |
| Defendant. | ) |

**FILED**
Claiborne County Circuit Court

AUG 08 2014

Billy Ray Cheek, Clerk
_____ OS DC

## COMPLAINT

Comes the plaintiff, Pamela Jean Smith, and husband Johnnie Smith, by and through counsel, and for cause of action against the defendant, states what follows:

1. The plaintiffs are citizens and residents of Tennessee, residing in Claiborne County, Tennessee.

2. The defendant, Wal-Mart Stores East, L.P. ("Wal-Mart"), is a foreign corporation conducting business in the state of Tennessee and owns, controls and operates a retail store open to the public for the purposes of transacting commercial business with public invitees located at 432 South Broad Street, New Tazewell, Claiborne County, Tennessee. Defendant Wal-Mart may be served with process through its registered agent for service of process, who is C.T. Corporation System, 800 South Gay Street, Suite 202, Knoxville, Tennessee 37929.

3. Defendant advertises for citizens of the state of Tennessee and Claiborne County to patronize its location. The defendant warrants that it will treat members of the public with common dignities and care for their safety as is appropriate in a civilized society afforded to their fellow citizens.

4. All actions of employees and agents of Wal-Mart conducted within the course and

I, Billy Ray Cheek, Circuit Court Clerk of Claiborne County, TN do hereby certify the foregoing is a true and perfect copy of _complaint_. As same appears of record in my office and that I am the official custodian of such record. Witness my hand and official seal at office this the 8 day of Aug, 2014.

Brian Cheek
Circuit Court Clerk

**EXHIBIT B**

scope of their employment with Wal-Mart are imputed to their master under the principles of respondeat superior. Furthermore, all actions of employees, agents and servants of Wal-Mart conducted within the course and scope of said employment are imputed to Wal-Mart Stores East, L.P., under apparent/ostensible agency as to plaintiff and other invitees who reasonably believe that the same are working under the authority, supervision, control and direction of Wal-Mart.

5. Mrs. Smith is a long-term citizen and resident of Tazewell, Claiborne County, Tennessee.

6. On or about August 18, 2013 at approximately high noon, Mrs. Smith drove to the Wal-Mart located in Claiborne County, Tennessee. Although it had rained previously during the day, the rain had ceased and the parking lot was dry. As Mrs. Smith walked toward the entry door, it started sprinkling again, but not enough to wet the asphalt parking lot and sidewalk area.

7. Mrs. Smith entered the Wal-Mart through the doors located at the front of the store. The doors and adjoining foyer area and entryway were constructed on behalf of Wal-Mart and were intended by Wal-Mart for its customers to utilize for entering the store to conduct business with Wal-Mart.

8. Mrs. Smith successfully walked a few steps in the front door when she fell.

9. Mrs. Smith's fall was caused by liquid or water on the tile area located between the entryway and a rug. The water/liquid constituted a puddle of water approximately 1 by 3 feet and was not seen by Mrs. Smith when she was entering the store.

10. There was no written, posted or verbal warning of the water/liquid, which constituted a latent, defective and dangerous condition located at the entryway to the store.

11. Following Mrs. Smith's fall, Mrs. Smith spoke to an employee who was within a matter of feet from her and had witnessed the fall. The Wal-Mart employee was completing the task

2

of bringing in carts from the parking lot and was plugging in an electric cart. The Wal-Mart employee who witnessed the fall had entered the store and taken approximately the same path as did Mrs. Smith.

12. Based upon the Wal-Mart employee's path taken with his cart(s), the Wal-Mart employee either caused the defective and dangerous condition described more particularly herein, negligently failed to inspect and see the condition and warn Mrs. Smith of the condition or remedy the defective and dangerous condition, or inspected and viewed the defective and dangerous condition and failed to warn Mrs. Smith or remedy the defective and dangerous condition. Mrs. Smith incurred damages consisting of multiple fractures to her right wrist, bad spraining of her left wrist, and fracture of her left elbow.

13. Upon information and belief, Wal-Mart utilizes floor-drying systems at other similarly situated stores in order to prevent falls and personal injury due to liquid on the entryway floors, but no such system was installed in the Wal-Mart in New Tazewell, Claiborne County, Tennessee.

14. Wal-Mart has a duty to comply with the building and utility codes enacted by the municipality of new Tazewell, Tennessee, and comply with the International Building Code (2006 edition), the International Mechanical Code (2006 edition), and the International Property Maintenance Code (2006 edition).

15. The defendant Wal-Mart was required by the common laws of the state of Tennessee to:

    a. Warn Mrs. Smith of any defect in the premises;

    b. Warn Mrs. Smith of any danger on the premises;

    c. Inspect and discover defective and dangerous conditions located at the premises;

d.  Maintain the premises of the store in a safe condition; and

e.  Repair any defects or dangers at the premises which it knew or should have known was present.

16.  Wal-Mart violated its statutory, ordinance and common law duties described more particularly herein.

17.  Mrs. Smith has suffered damages, which were painful and are permanent to her whole person.

18.  Mrs. Smith also incurred medical, doctor and hospital expenses as a result of the defendant's negligence.

19.  Mr. Smith has suffered loss of consortium of his wife due to the negligence of the defendant.

WHEREFORE, plaintiff respectfully requests the following:

(1)  That process issue and be served upon the defendant, and that the defendant be required to appear and answer the complaint within the time required by law;

(2)  That the plaintiff be awarded judgment against the defendant for compensatory damages in an amount determined to be fair and appropriate by a jury of her peers, in an amount not to exceed $200,000.

(3)  That the costs of the cause be awarded to the plaintiff;

(4)  That the plaintiff be granted other general relief that the Court deems to be appropriate.

(5)  A jury of twelve members try this cause.

4

Respectfully submitted this ___8___ day of August, 2014.

*(signature)*

JOSHUA J. BOND
Attorney for Plaintiff, Pamela Jean Smith
HODGES, DOUGHTY & CARSON
P.O. Box 869
Knoxville, TN 37901-0869
(865) 292-2307

## COST BOND

We hereby acknowledge ourselves as sureties in the cost of this cause in accordance with T.C.A. §20-12-120.

HODGES, DOUGHTY & CARSON, PLLC

By: *(signature)*
Attorney

5