UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PAMELA JEAN SMITH, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) No. 3:14-cv-424-PLR-CCS |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| *Defendant*. | ) |

## Memorandum Opinion and Order

Before the Court are two motions filed by Plaintiff Smith. First is her motion to strike from Defendant Wal-Mart's Answer its affirmative defense of comparative fault. [D. 13]. This motion, however, was untimely. Smith had to file her motion to strike within 21 days of being served the Answer. FED. R. CIV. P. 12(f)(2). Wal-Mart served its Answer on Smith on September 17, 2014. Smith filed her motion to strike on December 3, 2015—over a year late. For this reason, Smith's Motion to Strike is **DENIED**.

Second is Smith's motion to amend her original complaint. [D. 14]. She seeks to add to her complaint (1) further allegations of negligence by Defendant Wal-Mart; and (2) an allegation that Wal-Mart has fabricated evidence in this case, entitling her to punitive damages. Wal-Mart opposes the latter amendment on the basis that it would be futile.

The Proposed Amended Complaint to this slip-and-fall case alleges that Wal-Mart, prior to photographing the accident scene, moved the "Wet Floor" cones to more conspicuous locations. On this basis Smith seeks punitive damages. *See* TENN. CODE ANN. § 29-39-104. Tennessee law, however, does not recognize a separate tort for fabrication of evidence. *See* Virginia L.H.

1

Nesbitt, Note, *A Thoughtless Act of a Single Day: Should Tennessee Recognize Spoliation of Evidence as an Independent Tort?*, 37 U. Mem. L. Rev. 555 (2007). Instead, the proper remedies are an adverse inference at trial or sanctions. *Tatham v. Bridgestone Americas Holding, Inc.*, 473 S.W.3d 734, 740–44 (Tenn. 2015). It would therefore be futile for Smith to amend her complaint to add the paragraphs about punitive damages.

The same cannot be said for paragraph 19 of the Proposed Amended Complaint. That paragraph simply adds new theories of negligence. And Wal-Mart does not contest the inclusion of this paragraph. Accordingly, Smith's motion to amend is **DENIED in part and GRANTED in part**. The motion is denied insofar as Smith seeks to add body paragraphs 20–22 and remedy paragraph 3 of the Proposed Amended Complaint. In all other respects the motion is granted.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE